Good morning, your honors. I'm David Newdorf. May it please the court. I am representing appellants Abdelaziz and Marin Coronel and with the court's permission. I wish to reserve three minutes for rebuttal and As this court may go directly to the second prong of a qualified Immunity analysis. That's where I'm going to start. It's what I believe is the appellant's strongest case and it's what I spend most time on The question is whether the officers violated any clearly established law or right when they engage in a high-speed chase of a criminal suspect who lost control of his car and struck and injured innocent bystanders. Then second, I'll address the question of whether there was a Clearly established right or clearly established law when officers allegedly failed to summon emergency Medical aid after the plaintiffs had been struck and injured by a fleeing criminal suspect yeah, so I'd like to ask you a question about the the claim of intent to harm the intent to harm the driver of the vehicle that crashed and Specifically my question is there are cases certainly that say if there is a Deliberate intent to harm and that's the sole reason that would state a claim Against an officer. So my question is what happens in a dual motivation case? There is some legitimate law enforcement purpose But in addition the officers have a deliberate purpose to harm Does that state a claim? First of all, your honor. I have to address two different parts of that because I have a different view than is Embedded in the question. First the justification is the argument of the plaintiffs and Under Under the Lewis case and this courts decisions under the Lewis case the initial Justification of the pursuit is justified by the criminal conduct so the pursuing a criminal suspect Initiating that pursuit under Lewis and under this courts decisions. It's justified from the outset It is except that they the cases are sort of weirdly in the negative. They say you can't state a claim If there is no intent to harm, but they don't say At least I don't read them to say you can't state a claim Unless the only purpose is to is to cause harm Your honor the I Don't view this or the analysis of this court as Dealing with with multiple motivations. They're they're two separate things Mm-hmm, but this seems to be such a case at least I read the complaint. There was an acknowledgment that there was a law enforcement related chase that was Overdone. I mean that there was I guess an alleged traffic violation or something small in this high-speed chase But that is a law a law enforcement purpose, but the complaint also says That there was specific intent to harm the suspect and there's Factual material to support that for example Saying I hope the driver dies Okay, so I think we're faced with that dual motivation, and I'm not sure what the cases say about it I'm actually you know Unsure what the right answer is there is no case in this in this court or any other circuit that I've seen that analyzes a bystander police Pursuit injury case under the 14th amendment as a dual motivation and the reason for that is under the Lewis case the Initial pursuit initiating the pursuit is justified when you are chasing a criminal suspect Whether it is it and most of these cases are minor violations Driving recklessly And then they result in injury What is the legal issue in this case that has never been decided by the Ninth Circuit or the US Supreme Court is as follows? is Lewis states that intent to injure the suspect Is required under the intent to harm standard which is the Lewis standard, right? And that's what's alleged in this case that there was a specific intent to harm the suspect but the Lewis case was not analyzed as a bystander case and in the bystander cases None of them in this court has specifically addressed in this circuit the question of whether in a bystander case the 14th amendment requires the plaintiff to allege improve intent to harm the Bystanders or whether intent to harm the fleeing suspect is Sufficient and that is the legal issue that needs to be decided in this case. Well isn't qualified immunity about Whether the conduct of the officers are doing is unconstitutional and if it would be Unconstitutional as to the driver then at least the officers are engaging in unconstitutional conduct Why is that not the right way to look at it? Let me let me give an analogy there are cases of you know excessive force that can be brought under the Fourth Amendment or if there wasn't a seizure involved it could be brought by a Relative a family member under the 14th amendment and the the intents are very different the 14th amendment standard is the highest standard for civil liability under section 1983 and intent to harm so Knowledge that if you intended to harm the fleeing suspect and the fleeing suspect is the plaintiff If that's the law the fact that the fleeing suspect could have stated a claim under the 14th amendment Doesn't mean that the bystanders could state a claim under the 14th amendment And in fact that issue is the very issue that has never been decided in the Supreme Court or this court but it has been decided in three out-of-circuit cases, and that's the key of the clearly established law so the three cases that have been established that have been decided and address this issue of What is the measure of the intent in a bystander claim? Is it the officers intent as to the plaintiff bystanders? Or could it be can you state a bystander claim without alleging and proving that the officer? Had an intent to harm the bystanders and the case Did you there are three out-of-circuit cases have specifically addressed this question? and they've all come down on the side that a Bystander claim under the 14th amendment in a police pursuit case Requires plaintiffs to allege and prove that the officers intended to harm the bystander plaintiffs Those three cases all outside this circuit are first The oldest one is Halstead versus Birch, which is a 2001 decision out of the 8th circuit So you accept that intent to harm is properly pled in the complaint no because the Specific specific allegation of the complaint is that the officers intended to harm the fleeing suspect So this is not a case brought by the suspect that is properly pled Except that is exactly what the complaint says well I mean, but you know you can't just say it you have to actually plead facts that make that plausible That's true, and we're not Challenged the challenging the plausibility the legal issue raised on this is whether I just had a question like you know It pleads that the Oakland officers purposely caused the suspect to lose control of its vehicle and crash into cars I just I don't know how is there any faxes support is there. How's that plausible? well They also said that they were satisfied that the driver was injured and hoped he would die right that was after he crashed Presumably killed a bunch of people, but so I'm just curious like how how is that plausible that he would that the officers would? purposely Caused him to lose control and and crash and and if this were and even if this were a case by the fleeing suspect That allegation is inherently Implausible in in that the The Fact that that so then the allegation is we don't we don't take purposely you know you know that's a mental state We don't you just because they started you can't You don't accept that you need facts to prove that Yes and Arguably the what Judge Graber has referred to in the complaint Some evidence some evidence of malice towards the driver wishing that he would die okay, so we should accept that That the officers had intent to harm The defendant I mean the the I forget the defendants name the suspect and the legal issue Decided by the district court that we take issue with is the holding of the district court That you know not based on any decision of this circuit or the US Supreme Court that a plaintiff a bystander plaintiff in a police chase Chase case brought into the 14th amendment Can establish their case without alleging and proving the officers intended to harm the bystander plaintiff? The allegation is accepted that there was an intent to harm the the fleeing suspect Even though that is an inherently implausible. There is that allegation that Judge Graber referred to even though that's seems difficult to prove the legal question is is that even enough or as Other circuits have held as other district courts have held that the bystander plaintiffs to state of 14th amendment claim Must allege an intent to harm the bystander plaintiff So can I need to ask a question that I you're probably gonna fight me because let's just put away the bystanders for a second I want to let's just pretend for a second that this is a claim by the suspect Because I'm trying to understand how this Lewis language works So there's language in Lewis that says only a purpose to cause harm Unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking the conscience So you just told us that there is a purpose to cause harm that we can assume from the allegations And I think it's fair that you did given that say we hope he dies but can we assume from this complaint that the Purpose to cause harm is unrelated to the legitimate object of arrest Your honor the legitimate object to arrest is Decided at the moment they decide that that foot face that split-second decision Whether or not to chase I know that chases are Alleged and sorry that cases have said that chasing is fine But this particular complaint talks about chasing without lights or sirens And then it also says there's a police department policy against turning off your light and siren. So, can you tell me? Why that? Isn't more conduct than a chase why that isn't an additional thing that matters and it is also black letter law during section 1983 cases that violations of departmental policy do not establish constitutional violations I agree that and in fact in the Lewis case There are allegations that the chase did not conform to departmental policy and nonetheless It could it it was not a sufficient claim Because there was no Allegation that there was a intent to harm anyone. Okay, but here we have that. So here this is my question We have the intent to harm here. I agree with you that the fact that it's a policy doesn't Isn't dispositive but the fact that there's a policy against turning off your light and siren Why doesn't that create an inference that you only do that for a purpose to harm and not for a legitimate? reason law enforcement reason Can you tell me what what? I Agree, the policy isn't enough in itself But does the policy create an inference that they did this in a particularly dangerous way just for the purpose to harm? the Lewis case as well as out-of-circuit cases have all stated that the question of whether a Chase is advisable of whether it conforms to policy of whether it was negligent Careless or reckless disregard does not state a claim under the 14th Amendment the Specific cases that established the clearly established law we believe and we're in a Minimum established that it was not clearly established that the plaintiffs Exceeding the police officers have violated any clearly established right or law for example 2009 case out of the 10th circuit Ellis versus Ogden States when an officer is in a high-pressure situation where time is of the evidence There must be evidence of a purpose to cause harm unrelated to the legitimate object of the arrest to satisfy the element of arbitrary conduct shocking the conscience and Here's the key point the legal issue in this case never decided in this circuit or in the Supreme Court The estate failed to allege sufficient facts to support an intent to physically harm or worsen the legal plight of the injured party and since this was a Case excuse me. I have a question about the bystander issue. Why doesn't Oh Nassian? Run counter to your argument. That's our own case from 1999 first of all, it didn't address the specific issue of In that case it said the bystander can recover in it and in that case they didn't as it turned out that because the Activity did not demonstrate the requisite mental state But it really pretty clearly says that a police officer has an obligation to non Suspects in the high-speed chase So it seems to me that we have clearly established law on that Relationship now that doesn't say anything about the merits just as to them being a proper Plaintiff, I disagree Nassian the result in a Nassian was based on the facts of that case Unlike this case there was no allegation of intent to harm anyone the ruling of a Nassian nonetheless Lewis controls bystander cases again in the Lewis case there was No allegation of the officers intent to harm either a fleeing suspect or That's the merits of the case on a Nassian. No, that's that's the legal issue That is well the legal that they started with whether the the non suspect could sue Basically, and the answer was yes if the behavior shocks the conscience and then the court said well It doesn't shock the conscience so they lose But it did establish it seems to me the principle that that that if you do show Something that shocks the conscience that is you meet the intent to harm test That a bystander can can recover. I guess I don't understand how you read it differently than that Your honor because cases stand for the facts and the facts necessary to support the issue the judgment There's no case that is addressed Reasonable dicta rule in our court that actually says that if there is language in a case that's reasoned it is binding whether it was Necessary to the holding or not But it's it's not even dicta in the sense that three circuit courts Not including this one have decided that the Intent to harm is directed to the plaintiff that doesn't the point That doesn't really answer the question of what a Nassian means and to me it seems Maybe even necessary to say That these people can state a claim and then we examine the claim It wouldn't make sense to say we're gonna look at whether it shocks the conscience if they can't even be plaintiffs so Regardless of whether you view it as reasoned dictum or as part as a holding Our circuit seems to have a different view than the other ones. So Yeah, I want you to assume for the purpose of this question that on Nassian stands for what I am Asserting and other circuits have a completely different view In terms of an officer who works in this circuit Is isn't Ninth Circuit? Law if it's clear the clearly established law that that that they're deemed to have to follow That well, that does state qualified immunity that clearly established Relies on controlling authority, which would be the circuit or the Supreme Court, right? Yet. I disagree that No, I understand you read on Nassian differently than I do as as did the trial court here Believed that the issue was and it decided against the officers The issue is viewed in the trial court is Can a bystander plaintiff? State a 14th Amendment claim absent an allegation of intent We have to know her review correct, or do we have to know her review do we not you do it So it's a purely legal issue And so this is why I was focused on let's put aside the bystander and pretend that it's the driver I'm trying to figure out this shocks the conscience question that I saw a Nassian went to Here is your argument that once there is any reason for a chase There can never be conduct in the chase that shocks the conscience That it only shocks the conscience if there is an intent to harm the plaintiff whether that okay Let's pretend the plaintiff is the driver and answer my question Is there conduct that can be shocking the conscience in a chase that has a law enforcement purpose, but? Has other things going on with it that somehow could shock the conscience. Is there such a case then the answer is yes, and there There has not been a case that found police officers There's only been a couple of cases out of circuit that have ever found police officers potentially liable To a bystander. Okay. I want you to pretend the plaintiff is the suspect and let's just talk about shocking the conscience of The chase the conduct of the chase so you said I think that there can be Such a bad chase that it was shocked the conscience. Yes As stated in Lewis as stated in a Nazi and as stated in the Bing with a bing a case Shocked the conscience in a 14th Amendment police pursuit case Means that you satisfy the highest level intent which is intent to harm The driver you're talking your question was limited to a fleeing suspect so the fleeing driver that would have to be intent to harm the fleeing driver, but The whole issue is What's the measure of the officer's intent when it's a bystander case? And that that was the issue is viewed by the trial court below which found that a bystander Review so we don't care what the trial court below tell us what the right answer I mean, it doesn't matter what the trial court below thought the right answer is the answer Drawn by both circuits in multiple cases that have looked at the specific issue of intent and bystander Claims and that's the Third Circuit and a Tenth Circuit Both of which have held in more than three cases that when the plaintiff is an injured innocent bystander the measure of in the officer's intent necessary to shock the conscience under the 14th Amendment is the intent toward The plaintiff in the bystander case. It's the intent towards the bystander that matters. That was the issue decided in the court below which I'm gonna cut you off your time. I'll still give you two minutes for rebuttal, but let's hear from the other side Back Too soon Good morning again, may it please the court Pat Wilma for the estate of Willow money a silica Your honor this is a case where two officers intended to harm a Without the object of arrest which is the beginning and end of story in regards to how the court should decide and the reason being is Louis so sorry. I need to stop you there. So I Don't know the rest is the only legitimate law enforcement purpose that someone could ever have so they may or may not have had a reason for arrest, but The chase had a legitimate law enforcement purpose. Yes It could have a legitimate laundry, correct it could have been for a legitimate long Law enforcement purpose and if you're asking about what I'm anticipating is the dual motive. Can it can there be an object? reason for a law enforcement chase that also has a purpose to harm and And would that still state a claim if there's both is that what sort of you're getting at? Which was how you open the last and the answer is yes And the reason why we know that is because in Lewis the court cited to Checky V Webb the first Fifth Circuit Appellate case to say here's an example of where a purpose to harm Would be able to survive would be viable and in Checky V Webb two officers to I think it was three troopers Were following two suspects without their lights and sirens on and then they went at high speed so now the suspects driving recklessly and Then at some later point in the chase these two the the two officers finally turn on their lights and sirens They lose sight of the suspect later the suspects get stopped at a roadblock officers get out of their car arrest them one gets pistol pistol whips one of the Plaintiffs the other one doesn't get pistol whipped in the court said there the Fifth Circuit said and the the Supreme Court cited to as a case of purpose to harm This is a case that would be able to proceed and it did in the Fifth Circuit did uphold it as a due process Violation that's a case where they did have the dual motive They had a reason to stop them, but they can't really happen in that case right that didn't happen yet So I thought you said to me Where it gave chase and then he stopped at a checkpoint and then they caught up after he was arrested Yeah, but they the court analyzed was the chase and I could read from it, but was the chase The way that they did the chase would that call into question the motive of the officers and They said the factual and I'm just gonna quote the factual development in this case could lead a jury to question Whether Webb and Allison's car chasing actions were inspired by malice Rather than merely careless or unwise excessive zeal so that it amounted to an abuse of official power that shocks the conscience So the court found it on the car chase Shocked the conscience not the actions afterwards and the passenger also Said had a claim based off the car chase even though the passenger wasn't injured with the car chase in that case It just seemed like a legitimate car chase It wasn't a legitimate car chase because the officer had their lights and sirens off and were pulling up so close to the the suspects That they thought it was a criminal trying to hurt them and that was the testimony so it was the manner in which they didn't let the the suspects know that they were police and trying to pull them over and essentially what Lewis said inducing lawlessness Recklessness and terrorizing which is precisely what we have here. We have two officers in a much worse case two officers that Without their lightness This isn't a Fifth Circuit case that's mentioned in a Supreme Court case as an example of what would survive a due process claim I'm just wondering that with that great clearly established law because are all those facts and Process in the the case is that in Lewis or was it a simple citation to it was a simple citation Summarizing the intentional misuse of a vehicle being a basis for a due process claim, which is right here, right? No lights and sirens using a car to induce lawlessness terrorizing cause harm We have two officers here that did much worse They did they terrorized by and you not using their sirens not using their lights And not only did that happen when the person crashed they saw that the suspect and the bystanders were injured They then didn't even stop to do any sort of arrest or therefore any look I just wanted to see your position It would be that a footnote in Lewis creates clearly established law referring to another case That in Lewis itself Lewis isn't even is a passenger who brought the claim not even though it not even the driver himself Lewis says the exception to the rule of immunity for car chases that proves it to be true It's the exception is if a plaintiff can show that the officer had an intent to harm So it says the car chase was initiated for whatever good reason they can claim But if there's an intent to harm that's shown unrelated to the object of arrest Then that plaintiff so Lewis itself says it on behalf of a passenger who was not the person that they were after Says there's a claim here. Therefore Lewis is good Anossian V block is also put someone in a nasty to be blocked. The language is is outright clear yeah, a police officer deciding whether to If a police officer is justified in giving chase that Justification insulates the officer from constitutional attack Irrespective of who might be caught be harmed or killed as a consequence of the chase if you flip that and say if they're not justified right in the way in they show a purpose to harm then they Anyone that's harmed as a result of that malicious intent They're liable for and I would if you assume that those statements in Onasio is dicta can dicta I know we had the Ninth Circuit, you know binding dicta rule, which is an outlier everywhere But is there any case that says that dicta can be clearly established law? so Yes, because it's it's saying the exact same it's holding what it's holding meaning if you're saying like Let's say for example, let's take an excessive force case. If the if the trial court says look Using a taser on someone in the circumstances would be unlawful, right? So then someone comes with a in a certain set under a certain set of circumstances Then you have a case right after where an officer shot under those same circumstances deadly force, right? Yes, that would be the the taser case would be pretty would be clearly established law to say hey look You can't even use a taser on this guy much less. Can you use? Excessive force would be you wouldn't just you're fighting the hypothetical of it being dicta, right? Because your example that's precise holding of first case and not the second case but do an example where the first case is purely dicta and Does that provide the proper notice to create clearly established law in the second case? Well, I'm not I guess I would have to it's a harder hypothetical that the hypothetical is kind of so open I'm not sure what you want me to do Well, I'm just saying assuming that that Onassio those statements that are very helpful to you. I agree are dicta Why should that provide how does that provide clearly established law? How does that provide notice to officers? Because you know When officers understand the case and they realize that that's not the precise holding of the case because in that case There was no intent to harm then. How are they supposed to know, you know read beyond that and say Oh, I can't you know harm to anyone can matter. Well your honor to be quite frank Zion V County of Orange as well as I'll remember in a second as well as 80 versus, California Highway Patrol They say if you meet the purpose to cause harm standard itself that in and of itself nut does not allow for Qualified immunity because the standard is basically saying the officers knowingly violating the law right the qualified immunity only applies to people that are Doesn't apply to people that are incompetent or knowingly violating the law to meet the purpose to cause harm standard You're saying you're admitting that the officer knowingly violated the law. So there's also a question of what constitutes dicta because for example in a qualified immunity situation If we were to hold in a given case that a certain Certain pattern of conduct Is a constitutional violation and then go on to say it was not clearly established Technically, we didn't have to do that first part. We could just say we can assume it but it wasn't clearly established Is that first? Statement dictum or a holding about what constitutes constitutional violation Saying if the court reached you if the court reaches several issues and you could theoretically avoid deciding one in the chain of Reasoning does that make the avoidable one dictum or does it just make it an another holding? It makes it another holding because you have to look at the decision in whole and any reasonable inferences from it So it's not that's what I was saying is that to me it feels like saying You know, you can if you say the taser can't be used in this situation Well, then you come back and you say oh well, but the guy shot with a gun So he didn't know that he couldn't shoot the guy with a gun, but he shot him with a taser So well, what if he came back and you used a billy club and which is intermediate force equal force So then exactly that's a great example. Exactly. No, that's my point. You think? Yeah, I think that's definitely clearly used pepper spray Those are all intermediate forces. So you think the taser? Case would govern pepper spray. Yes, because the court has already classified. It is intermediate for us. That's not this case Anyway, so I mean we clearly have a rule that if you intend to harm the suspect you are liable for damages for that suspect But that it's not necessarily the case there You know Why would you be on notice that you're also liable for everything else that happens? Because that's a separate question of liability and that would you know change officers actions ex ante well Two reasons one Oh nasty and being and Moreland all said bystanders can recover if the officer shows intent to harm fourth Okay, let me give you there's there Like a common-sense question if if you know that you'd intend to harm a suspect gives you liability for the suspect Common-sense will you not you're not necessarily on notice that you're then on the hook for everything that happens, right? It's kind of this weird You know, it's like those tort standards about proximate cause and all those things. You're not necessarily knowing that sure that actually that's an interesting question Because the district court in McGowan went through why? It doesn't matter because what at common law once you show militia malicious and intentional intent Because of the the wanton nature of that intent that person knows that the risk of injury to everyone for that conduct is Super high and so you expect in the common law shows that you will be liable for all those actions It's like if I took a gun into a crowd and I just start shooting Am I gonna say well, I didn't know I was gonna hit these three people Well, no with the act of being so wanting to just open fire in the middle of a crowd You expect to be liable and on notice and the other does seem like a reasonable rule. I agree I just the question is notice. How would how is an officer supposed to know that? Well, I mean, they don't I presumably don't let me just law. I'm just one one sec I'm just gonna count one two, three, four five six seven eight circuits I cited to you that all said once you meet purpose to Harm standard that there's no qualified immunity for you because of the very nature of the burden What no reasonable officer would think that I can purposely harm someone unrelated to an obvious rule Yeah, he tells her like hope you Peltzer Do you need to I need does an officer need notice that they can they can see someone on the street not like them Chase them down beat them up Completely unrelated to a law enforcement objective get back in their car and drive away Do they need a case to tell them that of course not? does an officer need a case to tell them that they can chain a guy to a To a pole in the middle of the prison yard like in Hopi Peltzer and leave them without water purpose to harm Can't really be enough So like let's imagine Someone is driving toward a schoolyard of kids and the only way to stop them is for the police officers to ram that car And kill the driver to stop them from hitting the schoolyard that is purpose to harm But it is a legitimate law enforcement purpose So can you connect the dots for me about why this shocks the conscience when we know there is a purpose for the chase? Sure, because there was no object of arrest related to the harm Okay, I don't feel like arrest could be the or legitimate government objective They weren't chasing him to stop him from like so the reason why you initiate a chase is to stop someone right to keep them from doing unlawful behavior in Louis V County of in Louis V County of Sacramento it said that The sorry are you dividing your time because no no no no we're good. Okay, sorry in Louis V County of Sacramento the Supreme Court said look if it's if the when the officer was chasing the Motorcycle wasn't to induce lawlessness It wasn't to terrorize or harm the motorcycle and cause them to drive more more erratically So but in here we have that so they didn't have a legitimate law enforcement objective They didn't weren't trying to make him stop because they didn't want him to stop right they would turn on the lights and sirens and How to pull over they didn't want to Yeah, we're it's pled that that they didn't have an objective to stop him yeah, I mean it's well It's a reasonable inference from no lights and sirens So it's a all reasonable inferences can be drawn from the factual allegations of complaint according to Twombly vehicle Yeah, but you said I mean it says a ghost chase right a chase usually means you stop them Not in here. He never stopped him So let's take the whole the totality of the circumstances like like a Pearson verse Yeah, but a person What was the you you think what is the alleged purpose of the ghost chase then in this case to cause the person to die? Which is what they say which which if it wasn't when they saw this person, and this is just facts This is just truth when they saw the suspect crash into a taco truck Saw people being maimed And hurt a broken back of a son dying on the ground they and they didn't stop they didn't get out of the car They didn't say hey is everyone okay here They didn't take anyone to handcuffs and even when they they left the scene And I'm just gonna tell you body camera confirms it left the scene double back pretend like they weren't a part of it got there They didn't say hey this was this guy was was out of control He was a criminal suspect, and he lost control, and this is what happened. No they continued to conceal They didn't write a report, and they were commenting to each other I hope he died so we have to accept the Inference that these officers randomly spotted this car and wanted him to die Correct for being a part of a illegal car rally which yeah And you know how you can how you can accept that is because why you give me a reasonable explanation for why an officer who? Just caused a giant crash into the middle of a taco truck it Doesn't stop their vehicle. Well. He does that they violated department policy. Well. Yeah more, but I mean more than that I mean, what's more violating department policy or someone's life a person would be a lot of people What I'm saying is a it's just a very Strong inference you'd like this to make on pretty bare bones I feel like it's more plausible that he was trying to punish a person for being a part of it of a of a car They don't like To let someone die on the ground because they're afraid of getting written up for I a That's to me is a way bigger stretch of the the imagination He's gonna get written up and get suspended as opposed to someone dies I mean, I know he's supposed to drive up versus in your favor But you're saying that the fact of the chase was We have to we have to assume that the purpose of the chase was to kill him rather than to stop him Yeah, because you know why you have to say that you don't have to assume it you have to take the factual allegations that Every single effort every single piece of action that they did afterwards confirmed that they wanted him to die They said he wanted him to die. They never reported it. They didn't stop their car They didn't get out of their car. They didn't identify themselves as officers. They didn't turn on the sirens They didn't turn on their lights. They didn't call for medical The complaint doesn't say how they caused the crash Do you know or by chasing at high speeds once the just the same ways in Checky V web Chasing the guy at high speeds through thoroughfares Causing the dude to lose control causing the man to lose control Purposely causing him to lose control Why else are you get turn on your lights and sirens if you want him to pull over but they didn't like ram him or anything Like that, we don't allege that he they were ranked In neither were they in Checky V web by the car thing that happened to sorry I'm forgetting the word it involves spinning out your car in traffic. Is that what happened? That's that's the the allegation is that they were they are at a car rally where you start rally. Thank you That's what it is though, right? Yeah doing these 360s Yeah, but it's that not necessarily they were doing it, but they were at one and then people Leave it and these officers were not supposed to chase people that were leaving it because it causes situations like this So when the person was leaving it, they suspected he was a part of it Meaning either he was watching it or that he had partaken it We really don't know to be honest but we what we do know is that they didn't call it in they didn't turn on their lights and sirens and when the guy crashed into a bunch of people and broke the back of One woman the other her son dying on the ground They slowed down to see it watch watched it happen knew that the suspect needed medical attention and they deliberately didn't call it in Concealed it from everybody what my inference from that is that if I'm an officer even if I'm gonna get in trouble Someone's life is worth more than a piece of paper saying that I shouldn't have chased a guy But then under the your theory they also intended to kill the bystanders, too Yeah, because once they saw no, I agree Absolutely. Once you see the bystanders injured on the ground after a car ran into him Then you then you like you said you don't want anyone to catch you. So let the witnesses die with them Well, what Wait, is that part of your first claim or your second claim? I said more of my second claim because I thought I don't think you really have an allegation that the chase when it's engaged In to hurt the bystanders. It's more the deliberate indifference second claim, correct? And the motive would be to cover up the fact of a change chase Thank you, thank you over your time we'll give the other side two minutes for rebuttal When we get right at it then to respond further to your question judge when we take the argument that Because someone has a claim that's not subject to qualified immunity any other person's claim from the same conduct would necessarily be Stripped of qualified immunity protection. That is not the law and the case law on that is Cited in the reply brief at pages 14 to 15 it's called Barrera versus City of Woodland and I will just read the last paragraph of a lengthy citation as such Notice that one's actions Violates the Fourth Amendment does not put one on notice that one's action violates the 14th Amendment So in other words, there could be a claim made that's not subject to qualified immunity That doesn't mean that the same conduct under a different legal theory isn't covered by qualified immunity Exactly the fact that the driver Fact that the Intent to harm the fleeing suspect doesn't mean that the bystander is stripped of that This can that the officer is stripped of qualified immunity if it's a bystander who files the lawsuit but what I was gonna say about this analogy or drawing is And there may be problems with this that other area of case law But the other area of case law is because the claim is interference with a familial relationship It's a different claim than just excessive force So, I don't know that the idea that two different claims could have two different standards Answers this because this would be not two different legal theory claims, wouldn't it? They they are Different different Requirements It's it's analogous to the Barrera case where there is They would be on notice that they were violating somebody's rights But if that somebody is different from the plaintiff They're not on notice if the law is different as to the plaintiff and in this case In that case in the situation of the family members I mean and those cases are odd But the cases of the family members that the claim is about interference with familial relationships So then you need some sort of intent to interfere which implicates the family members This is an excessive force each the bystander and the Driver would both be making the same claim of excessive force not a different theory claim They're both 14th Amendment due process claims but because the allegation is that The intent was to harm the driver Under all these cases that are cited in the briefs, which I won't go into now That is not sufficient for a bystander claim the difference would be that this the bystanders were injured Primarily because of the negligence of the officers intending to harm the suspect. I Don't accept that that the complainant Properly says that the officers an intent to harm the bystanders So and then there's case law saying negligent like harm caused by officers is not you don't have liability for that Not under the 14th Amendment, that's right. It's it's beyond Even deliberate indifference. It's the highest standard of intent to harm the Plaintiff who wants to avoid qualified immunity is required to identify the case that it clearly Establishes the unlawfulness of the conduct or the right that was violated and the case that he mentions is Chachi versus Webb, which is a 1986 case. Whereas the Lewis 14th Amendment Jurisprudence is is much later than that. Obviously it's cited in that case The case cited in Lewis Fifth Circuit case Is a case that the actual holdings were about statute of limitations and proper venue The dictum was not even the issue in this case The dictum was the court stated that police engaging in a high-speed chase could be liable for emotional distress Damages even without physical injury if the chase was inspired by malice towards the occupants of the fleeing vehicle and that's not a proposition that has been endorsed by the Supreme Court or by this You're over your rebuttal time, so I think I need to cut you off. Thank you for your helpful arguments Thanks both sides. This case is submitted and thank you for the day
judges: GRABER, FRIEDLAND, BUMATAY